UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2633 CAS (JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | POM WONDERFUL, LLC v. PURELY JUICE, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Mark Campbell | Not Present |

**Proceedings:** **PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** (filed 08/22/08)

## I. INTRODUCTION

On April 20, 2007, plaintiff POM Wonderful, LLC filed a complaint against defendants Purely Juice, Inc. ("Purely Juice"), its president Paul Hachigian, and Does 1-10, inclusive, alleging that defendants deliberately and unlawfully made false and misleading representations regarding Purely Juice's "100% Pomegranate" product. Compl. ¶ 9. Specifically, plaintiff alleged that defendants' actions constituted false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and under California Business and Professions Code § 17500. Plaintiff further alleged a claim for statutory unfair competition under California Business and Professions Code § 17200. After a seven-day bench trial, beginning on April 11, 2008, and ending on April 30, 2008, the Court took the case under submission. The Court issued its findings of fact and conclusions of law on July 17, 2008, and issued a judgment for plaintiff, in the amount of $1,498,042, and a permanent injunction on August 6, 2008.

On August 22, 2008, plaintiff filed the instant motion for attorneys' fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a) and California's "private attorney general" fee-shifting statute, Cal. Civ. P. § 1021.5. On September 8, 2008, defendants filed their opposition. Plaintiff filed a reply on September 15, 2008. The Court finds and concludes as follows.

## II. LEGAL STANDARD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2633 CAS (JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | POM WONDERFUL, LLC v. PURELY JUICE, INC.; ET AL. | | |

Under Section 35 of the Lanham Act, a court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An "exceptional case has been defined as one that contemplates "conduct that is malicious, fraudulent, deliberate, or willful." Int'l Olympic Committee v. San Francisco Arts & Athletics, 781 F.2d 733, 738 (9th Cir. 1986). An award of attorneys' fees is discretionary, even if the case fits within the statutory standard of an exceptional case. Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1014 (9th Cir.1985).

Cal. Civ. P. § 1021.5 provides, in pertinent part,

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

The private attorney general concept underlying § 1021.5 recognizes that "citizens frequently have common interests of significant societal importance, but which do not involve any individual's financial interests to the extent necessary to encourage private litigation to enforce the right." California Licensed Foresters Assn. v. State Bd. of Forestry, 30 Cal. App. 4th 562, 569 (1994). However, §1021.5 is "intended as a 'bounty' for those pursuing public interest litigation, not a reward for litigants motivated by their own interests who coincidentally serve the public." Id. (citing Beach Colony II v. California Coastal Com., 166 Cal. App. 3d 106, 113 (1985)).

### III. DISCUSSION

#### A. Section 35 of the Lanham Act

Plaintiff argues that defendants knew or should have known as early as 2006 that there were serious issues of adulteration in imported pomegranate juice. Mot. at 8 (citing Findings of Fact and Conclusions of Law ("Findings") ¶ 26). Nevertheless, defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2633 CAS (JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | POM WONDERFUL, LLC v. PURELY JUICE, INC.; ET AL. | | |

purchased pomegranate juice concentrate from suppliers in the Middle East at prices well below the market rate for pure pomegranate juice. Findings ¶¶ 24, 67. Defendants advertised their product as "100% pomegranate juice" with "no sugar added," without using any scientifically accepted testing methodology to verify these claims. Mot. at 8; Findings ¶ 27. Plaintiff further argues that defendants continued to falsely advertise and sell their product in bad faith even after "(1) their own testing revealed the literal falsity of the claims; (2) Plaintiff informed Defendants that, based on its independent testing, Defendants' advertising was literally false; and (3) Plaintiff brought suit against Defendants." Mot. at 8-9. Plaintiff argues that this conduct was deliberate and willful. Mot. at 9 (citing Castrol v. Penzoil Quaker State Co., 169 F. Supp. 2d 332, 342 (D.N.J. 2001) ("If [defendant] was concerned with truth and fair play in its commercial advertising, it would have commissioned a series of [more relevant] tests. Because marketing concerns overshadowed technical concerns, the Court is satisfied that the [false advertising] was done willfully and intentionally.").

Defendants respond by contesting the Court's finding of fact that defendants knew or should have known about the issues of adulteration in imported pomegranate juice concentrate in 2006. Opp'n at 3. Defendants argue that they were not aware of any issues with the imported concentrate until they performed their own tests in February 2007. Id. Defendants further argue that the Court's finding that other competitors were selling adulterated pomegranate juice products demonstrates a lack of malicious, fraudulent, deliberate, or willful misconduct. Opp'n at 4; Findings ¶ 51. Defendants also contend that they did not continue selling adulterated juice after being put on notice of the adulteration; rather, they believed the test results showing adulteration were from an isolated batch and held $800,000 worth of their product in a warehouse "in the exercise of caution." Opp'n at 4. Additionally, defendants argue that they continued to sell their product after testing in July 2007 found that it contained sucrose because defendants then believed, and still believe, that the product was within the accepted range for "pure" pomegranate juice. Id. Lastly, defendants argue that the Court's conclusion of law that defendants "failed to exercise reasonable care to prevent the false or misleading nature of their advertising," establishes negligence, but does not establish the "exceptional" circumstances required for an award of attorneys' fees. Id.

The Court concludes that defendants conduct constitutes an exceptional circumstance under section 35 of the Lanham Act. This Court found that "[a]lthough defendants were first aware of a problem with their '100% pomegranate' product as early

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2633 CAS (JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | POM WONDERFUL, LLC v. PURELY JUICE, INC.; ET AL. | | |

as February 26, 2007, they continued selling the product to consumers until after April 3, 2007." This finding demonstrates willful or deliberate conduct on behalf of defendants and is sufficient to support a finding of exceptional circumstances. Int'l Olympic Committee, 781 F.2d at 738. Therefore, plaintiff is entitled to attorneys' fees on its first claim pursuant to the Lanham Act.

Plaintiff further argues that they are entitled to recover legal fees incurred in litigating its §17500 and §17200 claims under Section 35 of the Lanham Act because its work on this matter is "impossible to apportion." Mot. at 10; Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) ("apportionment or an attempt at apportionment is required unless the court finds the claims are so inextricably intertwined that even an estimated adjustment would be meaningless"). Plaintiff contends that all three of its claims relate to defendants' false advertising of its product and that all of the work done on the case was the same for all three claims. Mot. at 10-11.

The Court concludes that plaintiff's claims are "so inextricably intertwined" that an attempted adjustment would be "meaningless." Gracie, 217 F.3d at 1070. The same evidence was presented on all three of plaintiff's claims and the gravamen of those claims was defendants' deceptive advertising. Findings ¶ 10 ("Where, as in this case, a plaintiff establishes a claim under the Lanham Act, the plaintiff is entitled to the same relief under Section 17500"); Findings ¶ 16 ("[A]ny violation of California's false advertising law is necessarily a violation of the unfair competition law").

### B.    California Code of Civil Procedure § 1021.5

Plaintiff argues that they are alternatively entitled to attorneys fees under Cal. Civ. P. § 1021.5 because the public has received a "significant benefit" from plaintiff's prosecution of this lawsuit, which stopped defendants' dissemination of false information. Mot. at 12-13. Plaintiff further argues that no member of the general consuming public would have a financial interest great enough to bring this suit. Id. at 13. Plaintiff also contends that the financial risk and burden of filing this suit "far outweighed its personal stake in the outcome of the litigation." Id.

Defendants respond that plaintiff brought this suit not to protect the public interest, but "for its own financial gain, both to win a monetary award and to damage or eliminate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2633 CAS (JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | POM WONDERFUL, LLC v. PURELY JUICE, INC.; ET AL. | | |

a competitor in the pomegranate juice market." Opp'n at 2. Defendants argue that this is clear in plaintiff's demand for damages in excess of $3,000,000. Opp'n at 6.

The Court declines to award plaintiff attorneys' fees pursuant to § 1021.5. Plaintiff's motivation for bringing this suit was to recover damages and to restrain a competitor that was misrepresenting its product; any benefit to the public was coincidental. Beach Colony II, 166 Cal. App. 3d at 113.

### C. Amount of Attorneys' Fees

Plaintiff lists its fees incurred for outside counsel as $606,219.38. Mot. at 16; Campbell Decl. ¶ 4, Ex. A. Plaintiff argues that the number of hours worked are reasonable and that the hourly rates are commensurate with those charged by comparable firms. Mot. at 17; Abbott Decl. ¶ 11. Plaintiff also requests fees for services provided by in-house counsel in the amount of $88,900. Mot. at 18-19 (citing Kay v. Ehrler, 499 U.S. 432, 436 n. 7 (1991)). Plaintiff calculates these fees using the prevailing market rate for attorneys with similar experience. Id. Lastly, plaintiff requests attorneys' fees in the amount of $14,373.00 for bringing the instant motion. Reply at 1.

Defendants argue that plaintiff has not met its burden of showing that the amount of attorneys' fees requested are reasonable. Opp'n at 7; Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 622 (9th Cir. 1993). Defendants contend that Court's ability to determine the reasonableness of plaintiff's attorneys' fees is "hampered by Plaintiff's election to provide summaries of the monthly services rendered, as opposed to actual invoices showing the work performed on a daily basis and the time devoted to each task." Opp'n at 7-8. Specifically, defendants argue that it is impossible for the Court to determine how much time was billed for "duplicative work (multi-attorney meetings, review of another attorneys' work, etc)." Opp'n at 8. Defendants further contend that plaintiff's fees improperly include the fees incurred in its unsuccessful efforts to obtain a preliminary injunction and the related appeal. Opp'n at 8.

Plaintiff responds that it is not required to submit actual invoices showing the work performed on a daily basis. Reply at 8; Lobatz v. U.S. West Cellular, 222 F.3d 1142, 1148-49 (9th Cir. 2000) (affirming a fee award based on summaries of attorney time records). Plaintiff also argues that it is entitled to attorneys' fees relating to its

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2633 CAS (JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | POM WONDERFUL, LLC v. PURELY JUICE, INC.; ET AL. | | |

preliminary injunction motion because that work was utilized throughout the prosecution of the case and the Court ultimately issued a permanent injunction on "virtually the same facts and arguments." Reply at 9. Lastly, plaintiff argues that defendants' claim that plaintiff's attorneys' fees may be duplicative is conclusory and without merit. Reply at 9.

After careful review of the billing summaries, the Court concludes that plaintiff's request for fees incurred for outside counsel is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.") Plaintiff has represented that the fees charged by plaintiff's counsel are "the same or less than those charged by other Los Angeles law firms of comparable size and reputation." Campbell Decl. ¶ 7; Roll Decl. ¶ 11. Based on the Court's familiarity with the rates charged by other firms in the Los Angeles legal community, the hourly rates of $700, $750, and $685, $525, $475, and $450 for partners and $425, $400, $360, $335, $325, and $275 for associates are reasonable. Plaintiff also represents that the hours spent on the litigation were reasonable. Campbell Decl. ¶¶ 2,3, and 6. Based on a review of plaintiff's billing summaries, the Court concludes that the time spent on the litigation was reasonable. Defendants have not made any showing or argument to the contrary. Additionally, the Court finds that plaintiff is entitled to the attorneys' fees it incurred in its motion for a preliminary injunction and the related appeal because the Court ultimately issued a permanent injunction based on very similar arguments. Furthermore, the Ninth Circuit acknowledged that the preliminary injunction hearing involved "novel and difficult questions" and that the case was a close one that this Court could decide differently at trial. POM Wonderfull LLC v. Purely Juice, Inc., No. 07-56142, at *2-3 (9th Cir. June 3, 2008). Therefore, the Court awards plaintiff its attorneys' fees incurred for outside counsel in the amount of $606,219.38. However, the Court declines to award plaintiff attorneys' fees for services provided by in-house counsel because plaintiff has not made any showing that it is has paid anything out-of-pocket for these services above and beyond the salary it normally pays to in-house counsel. Lastly, the Court declines to award plaintiff $14,373.00 in attorneys' fees in connection with this motion, and instead awards plaintiff attorneys' fees for this motion in the amount of $7,500. Therefore, the Court awards plaintiff a total of $613,719.38 in attorneys' fees.

Plaintiff also requests $23,762.37 in costs. The Court reduces this amount by (1) $9,542.88 for trial transcripts because those transcripts were not requested by the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2633 CAS (JWJx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | POM WONDERFUL, LLC v. PURELY JUICE, INC.; ET AL. | | |

nor were they prepared pursuant to stipulation and therefore are not authorized under Local Rule 54-4.5; (2) $4,625.00 for mediation fees because mediation was not ordered by this Court and is not otherwise authorized by Local Rule 54; (3) $558.35 because the Court deems the service fee of $633.35 exorbitant and awards $75.00 instead. Defs.' Objection to Pl. Bill of Costs ¶¶ 1-3. Therefore, the Court awards plaintiff $9,036.14 in costs.

### D. Fees against Defendant Hachigian

Defendants argue that no attorneys' fees should be awarded against defendant Hachigian because his liability in this case was based solely on his position as president of Purely Juice and there is no evidence that any of his actions were exceptional for the purposes of Section 35 of the Lanham Act. Plaintiff argues that it is well within the Court's discretion to award attorneys' fees against Hachigian because he was directly involved in manufacturing Purely Juice's product and selecting the suppliers of the pomegranate juice concentrate used in the product. Reply at 7. The Court awards attorneys' fees against defendant Hachigian personally because he was the majority owner of Purely Juice and was directly involved in all of the decision-making relevant to this action.

### IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiff's motion for attorneys' fees against defendants in the amount of $613,719.38. The Court also awards plaintiff its costs in the amount of $9,036.14.

IT IS SO ORDERED.

| | : | 02 |
|---|---|---|
| | Initials of Preparer | PS |